IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOHN PETER GREALISH,<br><br>    Plaintiff,<br><br>vs.<br><br>WASHINGTON MUTUAL BANK FA,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS<br><br><br><br>Case No. 2:08-CV-763 TS |

      This matter is before the Court on a Motion to Dismiss filed by JP Morgan Chase Bank, N.A. ("Chase"), as a successor to certain assets and liabilities of Defendant Washington Mutual ("WaMu"). In the underlying case, Plaintiff asserts multiple federal and state claims related to two mortgage loans obtained by Plaintiff from WaMu (the "Loans"). WaMu eventually was declared insolvent by the Office of Thrift Supervision ("OTS") and the Federal Deposit Insurance Corporation ("FDIC") became Receiver for the purposes of liquidation of WaMu's assets. Most of those assets, including the Loans, were sold by the FDIC to Chase, who also assumed certain liabilities.

      Chase, it its Motion, argues that it never assumed liability for the type of claims brought by Plaintiff, and that all claims against it must be dismissed for failure to state a claim. Alternatively, Chase argues that it was not timely served, so all claims should be dismissed for improper service,

1

and that Plaintiff's Memorandum in Opposition was not timely filed. Plaintiff argues, in response, that Chase cannot disclaim the liabilities that give rise to certain of his claims and that Chase's attempt to extinguish his rights is unlawful and unconstitutional. For the reasons set forth below, the Court will grant the Motion to Dismiss.

## I.  BACKGROUND

The following facts are taken from Plaintiff's Complaint. Plaintiff, a Utah resident, obtained the Loans from WaMu in September 2007 for the purpose of purchasing a residence in Draper, Utah. The Loans were secured by corresponding Trust Deeds, and were to switch from fixed rate to adjustable rate after a certain period. The Loans were eventually securitized.

On September 25, 2008, OTS seized WaMu and placed it into the receivership of the FDIC, who sold most of WaMu's assets and liabilities to Chase. That sale was effectuated by a Purchase and Assumption Agreement (the "Agreement"), executed by Chase and the FDIC Receiver. Section 2.5 of the Agreement states that "any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, . . . related in any way to any loan or commitment to lend made by [WaMu] prior to [September 25, 2008] . . . are specifically *not assumed* by [Chase]."[1]

Plaintiff filed his Complaint on October 3, 2008. In it, Plaintiff brings multiple causes of action related to WaMu's issuance of the Loans, including fraud, violations of federal banking and conspiracy laws, violations of state banking laws, and two contract claims. Plaintiff also requests injunctive relief, halting any foreclosure proceedings on the property. Plaintiff argues that WaMu inflated the value of the property and failed to adequately investigate Plaintiff's ability to repay the

---

[1]Docket No. 12, Ex. A, at 9 (emphasis added).

loans. Plaintiff also argues that WaMu "virtually guarantee[d]"[2] the default of the Loans with their business practices. On February 13, 2009, one hundred thirty-three days after filing his Complaint, Plaintiff served process on Chase. On March 5, 2009, Chase filed its Motion to Dismiss, citing improper service and failure to state a claim. On April 10, thirty-six days later, Plaintiff filed his Memorandum in Opposition to the Motion to Dismiss.

Plaintiff's claims could be dismissed based upon the fact that service was not made on Chase within the one hundred twenty days required by Fed. R. Civ. P. 12(m). The Court could also strike Plaintiff's Memorandum as untimely, as it was not filed within the thirty day time limit imposed by DUCivR 7-1(b)(4)(A). However, after consideration of the factual allegations in this case, construed in the light most favorable to Plaintiff, the Court will dismiss Plaintiff's case for failure to state a claim.

## II.  DISCUSSION

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the non-moving party.[3] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face."[4] All well-pleaded factual allegations in the Complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[5] But, the court is not "bound

---

[2] Docket No. 1 at 4.

[3] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[4] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (dismissing complaint where plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[5] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

to accept as true a legal conclusion couched as a factual allegation."[6]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[7]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[8]  Thus, "the complaint must give the court reason to believe that this plaintiff has reasonable likelihood of mustering factual support for these claims."[9]

Plaintiff makes certain factual allegations of wrongdoing against WaMu, the liabilities for which may pass to its successors and assigns.  Plaintiff does not argue that Chase was involved in the alleged wrongdoing, and only alleges that Chase is liable as a successor or assign of WaMu.  Chase argues that it cannot be held liable for the alleged wrongdoing of WaMu because it is not a successor to the liabilities associated with WaMu's loan to Plaintiff.  Specifically, Chase argues that it did not acquire any liabilities from WaMu when it purchased WaMu's assets from the FDIC Receiver and that, therefore, Plaintiff cannot maintain a cause of action against it.

Chase became a successor to WaMu by executing the Agreement, so it is the Agreement which determines the status of Chase as a successor.  Section 2.5 of the Agreement clearly establishes that any borrower claims "related in *any* way to *any* loan"[10] made by WaMu prior to September 25, 2008, were not assumed by Chase when it purchased the assets of WaMu from the

---

[6] *Bell Atlantic*, 550 U.S. at 555.

[7] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[8] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[9] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[10] Docket No. 12, Ex. A, at 9 (emphasis added).

FDIC Receiver. The Loans were made prior to September 25, 2008, so any claims arising from the Loans may not be maintained against Chase. Chase is not a successor to WaMu for liabilities related to the loan to Plaintiff, and there is no reasonable probability that Plaintiff will be able to muster factual support for a claim that Chase is a legitimate successor. The Court will, therefore, grant Chase's Motion to Dismiss.

Plaintiff argues that certain of its claims, contained in the Amended Complaint, arose after September 25, 2008. Unfortunately for Plaintiff, there is no Amended Complaint, and unpled claims cannot defeat a legitimate Motion to Dismiss. Plaintiff also argues that the FDIC does not have the authority to "unilaterally take away the rights of Plaintiff and those similarly situated,"[11] and that any such authority would violate Plaintiff's constitutional rights under the Contracts Clause of the United States Constitution.[12] However, these arguments are inherently flawed, because federal statute allows the FDIC Receiver to dispose of WaMu's assets while retaining all liabilities.[13] Plaintiff was not deprived of remedies for the allegedly wrongful acts of WaMu, but Plaintiff erred in attempting to bring claims against Chase rather than pursue remedies against the FDIC Receiver.

### III.  CONCLUSION

It is therefore

ORDERED that Chase's Motion to Dismiss (Docket No. 5) is GRANTED. The Clerk is directed to close the case forthwith.

---

[11] *Id.* at 6.

[12] U.S. Const. Art. I, Sec. 10.

[13] 12 U.S.C. § 1821(d)(5) (establishing procedures for the "determination of claims").

DATED   July 20, 2009.

                        BY THE COURT:

                        _____
                        TED STEWART
                        United States District Judge